IN THE EASTERN DISTRICT OF MISSOURI
UNITED STATES OF AMERICA

| | | |
|---|---|---|
| CHARLES FUEMMELER and | ) | |
| LAWRENCE MARTIN, Jr. | ) | |
| | ) | Cause |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Division: |
| RISINGER BROS. TRANSFER, INC. | ) | |
| HOLD SERVICE | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANTWON JORDAN | ) | JURY TRIAL DEMANDED |
| HOLD SERVICE | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COME NOW** Plaintiffs Charles Fuemmeler and Lawrence Martin, by and through the undersigned attorney, and for their cause of action against Defendants Risinger Bros. Transfer, Inc. and Antwon Jordan, states as follows to the Court:

## GENERAL ALLEGATIONS

1. Plaintiff Charles Fuemmeler is a citizen and resident of Missouri.

2. Plaintiff Lawrence Martin, Jr. is a citizen and resident of Missouri.

3. Defendant Antwon Jordan is a citizen and resident of Georgia.

4. At all times relevant herein, Defendant Risinger Bros. Transfer, Inc., (hereinafter referred to as "Risinger"), is an Illinois corporation registered with the Illinois Secretary of State, with its principal place of business located at 225 W. Cortland Street, Morton, IL 61550 and its registered agent, John E. Sanner, located at 112 SW 7th Street Suite 3C, Decatur, IL, 62523.

5.      This court has original jurisdiction over the matter and parties pursuant to 28 USC § 1332 as there is complete diversity amongst the parties and the value in controversy exceeds $75,000, exclusive of interest and costs.

6.      Plaintiffs demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

7.      Defendant Risinger owned and/or leased the 2019 Volvo tractor-trailer being operated by Antwon Jordan at the time of the collision.

8.      At all times relevant to this case, Defendant Antwon Jordan was an agent and/or employee (hereinafter to refer to statutory or otherwise) of Defendant Risinger and was acting within the course and scope of his agency and/or employment

9.      At the time of the collision referenced in this complaint, Defendant Risinger was registered with the Federal Motor Carrier Safety Administration as an interstate commercial motor carrier.

10.     At all times relevant, Risinger Bros. Transfer, Inc. was operating as an interstate commercial motor carrier.

11.     At all relevant times, Risinger Bros. Transfer, Inc. was operating as a for-hire motor carrier.

12.     At all times relevant, Risinger Bros. Transfer, Inc. had authority to operate for property.

13.     At all times relevant herein and at the time of this crash, Defendant Risinger was a commercial motor carrier engaged in interstate commerce, transporting goods for hire throughout the United States.

14.     At all times relevant herein and at the time of this crash, Defendant Risinger was acting individually and through its drivers, agents, servants, joint venturers, and/or employees,

each of whom were acting within the course and scope of their employment with Defendant Risinger.

15.     At all times relevant herein and at the time of this crash, Defendant Antwon Jordan was operating a tractor-trailer in the course and scope of his employment and agency with Defendant Risinger.

16.     Defendant Risinger is liable for all acts and omissions of Defendant Antwon Jordan while he/it was operating within course and scope of employment and/or agency, under the doctrine of *respondeat superior*.

17.     Defendant Risinger, and its agents, servants, employees, and drivers, including Defendant Antwon Jordan, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations).

18.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer."  49 C.F.R. §390.5.

19.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety.  "Employee" includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle).  49 C.F.R. §390.5.

20.     At all times relevant to this case, Defendant Antwon Jordan was a driver of the Volvo tractor-trailer and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

21.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration.  49 C.F.R. §390.5.

22.     At all times relevant to this case, the vehicle driven by Defendant Antwon Jordan was a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

23.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce that owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it.  49 C.F.R. §390.5.

24.     At all times relevant to this case, Defendant Risinger was an "employer," as defined by the Motor Carrier Safety Regulations.

25.     At the time of this incident and at all times herein mentioned, Defendant Antwon Jordan was operating the Volvo tractor-trailer as a driver for Defendant Risinger.

26.     On or about October 17, 2018, at approximately 8:45 a.m., Plaintiffs Charles Fuemmeler was operating a 2006 International Harvester, on North Highway US 63, in the city of Clark, in Randolph County, Missouri.

27.     On October 17, 2018 at approximately 8:45 a.m., Plaintiffs Lawrence Martin, Jr. was a passenger in the 2006 tractor-trailer being driven by Plaintiffs Charles Fuemmeler.

28.     At that time and place, Plaintiffs Charles Fuemmeler was stopped at the stop light for a work zone behind Defendant Antwon Jordan.

29.     Defendant Antwon Jordan had passed the stop line and backed up the tractor-trailer

colliding with the front of Plaintiffs Charles Fuemmeler's vehicle.

30.     North US 63 at the crash location is a much traveled, open, and publicly dedicated state roadway and thoroughfare in the Northern District of Missouri.

31.     Plaintiffs suffered and continue to suffer permanent and disabling injuries as a direct and proximate result of this incident.

32.     At the time of the crash, the truck operated by Defendant Antwon Jordan bore the name of Defendant Risinger as well as its DOT number and/or MC (operating authority) number.

33.     The negligence of Defendants Risinger Bros. Transfer, Inc. and Antwon Jordan, directly and proximately, caused or contributed to cause injuries to Plaintiffs as described in greater detail herein.

34.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Risinger Bros. Transfer, Inc., and its agents, servants, and employees, including Antwon Jordan, Plaintiff Charles Fuemmeler injured his neck, spine and hands.

35.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Risinger Bros. Transfer, Inc., and its agents, servants, and employees, including Antwon Jordan, Plaintiff Lawrence Martin, Jr. injured his neck and left shoulder.

36.      As a direct and proximate result of the aforesaid incident and the carelessness and negligence of Risinger Bros. Transfer, Inc. and its agents, servants and employees, including Antwon Jordan, Plaintiffss Charles Fuemmeler and Lawrence Martin, Jr. have undergone medical treatment and are reasonably likely to undergo future medical treatment including future surgical intervention.

37.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Risinger Bros. Transfer, Inc., and its agents, servants, and employees, including Antwon Jordan, Plaintiffs Charles Fuemmeler and Lawrence Martin, Jr. have suffered pain and suffering and will continue to suffer.

38.     As a direct and proximate result of this crash and the direct and proximate result of the negligence of Defendants Risinger Bros. Transfer, Inc. and its agents, servants, and employees, including Antwon Jordan, Plaintiffs Charles Fuemmeler and Lawrence Martin, Jr. have incurred medical bills and will continue to incur medical expenses related to the treatment of injuries sustained in the crash.

## COUNT I
## NEGLIGENCE OF DEFENDANT ANTWON JORDAN

**COMES NOW** Plaintiffs (hereinafter "Plaintiffs") and fully incorporate and re-allege each and every paragraph set forth above as if they were set forth herein and further states:

39.     At the time of this crash, Defendant Antwon Jordan negligently operated the tractor-trailer that caused this incident on the above stated date and time by:

a)     Driving too fast for conditions;

b)     Failing to reduce speed to avoid a collision;

c)     Failing to keep a proper lookout;

d)     Failing to take proper remedial action which could have avoided this collision or minimized the impact;

e)     Operating the tractor-trailer without adequate training and experience;

f)     Operating the tractor-trailer when not properly qualified to do so;

g)     Driving while tired and/or fatigued;

i)     Driving while under the unsafe side-effects of prescription medication;

j)     Driving overly aggressive;

m)     Failing to stop his tractor-trailer, slacken his speed, swerve or sound a warning in an attempt to avoid colliding with Plaintiffs' vehicle, when he could and should have done so in the exercise of the highest degree of reasonable care;

n)     Improper traffic lane usage

40.     At least one of the negligent acts or omissions by Defendant Antwon Jordan, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting injuries to Plaintiffs.

41.     As a direct and proximate result of the negligence of Defendant Antwon Jordan, Plaintiffs were seriously injured as described herein and have sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

42.     Defendant Antwon Jordan knew or should have known that his conduct as described herein created a high degree of probability of injury.

43.     Defendant Antwon Jordan was not properly qualified to operate the tractor-trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

44.     The operation of the tractor-trailer by Defendant Antwon Jordan and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

45.     The conduct of Defendant Antwon Jordan as described herein, specifically including violations of pertinent rules of the road and the Federal Motor Carrier Safety Regulations as listed within this Petition, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

**WHEREFORE** Plaintiffs each and individually pray for judgment against Defendant Antwon Jordan in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

<u>COUNT II</u>
<u>STATUTORY EMPLOYMENT/LOGO/LEASE LIABILITY AGAINST DEFENDANT</u>
<u>RISINGER</u>

**COME NOW** Plaintiffs and fully incorporates, and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

46.     Based upon all aforementioned allegations, Defendant Risinger is vicariously liable for the negligence of Defendant Antwon Jordan based upon the doctrines of statutory employment, logo, and/or lease liability.

**WHEREFORE** Plaintiffs each and individually pray for judgment against Defendant Risinger in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

<u>COUNT III</u>
<u>VICARIOUS LIABILITY AGAINST DEFENDANT RISINGER</u>

**COME NOW** Plaintiffs and fully incorporates and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

47.     At all times relevant, Defendant Antwon Jordan was acting in the course and

scope of his agency and/or employment with Defendant Risinger.

48.     Based upon the prior allegations, Defendant Risinger is vicariously liable for the negligence of Defendant Antwon Jordan based upon the doctrines of agency and respondeat superior.

**WHEREFORE** Plaintiffs each and individually pray for judgment against Defendant Risinger in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

<u>**COUNT IV**</u>
<u>**INDEPENDENT NEGLIGENCE AGAINST DEFENDANT RISINGER**</u>

**COME NOW** Plaintiffs incorporates and re-alleges each and every paragraph set forth above as if they were set forth herein and further states:

49.     At all times relevant, Defendant Risinger was operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

50.     Throughout its existence, Defendant Risinger has, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

51.     As an interstate motor carrier, Defendant Risinger has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

52.     The various safety regulations included within Parts 390 – 397, of which Defendant Risinger had a duty to follow, include, but are not limited to, the following:

    a.  Defendant Risinger had an independent duty to require observance by its drivers

of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §390.11;

b.  Defendant Risinger had a duty to not require or permit a driver, including Defendant Antwon Jordan, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3;

c.  Defendant Risinger had a duty to not allow or permit a driver, including Defendant Antwon Jordan, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.  49 C.F.R. §391.11.;

d.  Defendant Risinger had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390.  490 C.F.R. §390.13;

e.  Defendant Risinger had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendant Risinger an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.  Defendant Risinger had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g.  Defendant Risinger had an independent duty to obtain the motor vehicle record of every driver it employs, including Defendant Antwon Jordan, at least once every twelve months in determine whether that driver continues to meet the minimum

requirements for safe driving or is disqualified to drive a commercial motor vehicle.  49 C.F.R. §391.25;

h.   Defendant Risinger had an independent duty require each of its drivers, including Defendant Antwon Jordan, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months.  49 C.F.R. §391.27;

i.   Defendant Risinger had an independent duty to prohibit its employees, including Defendant Antwon Jordan, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test.  40. C.F.R. §391.31;

j.   Defendant Risinger had an independent duty to ensure that its drivers, including Defendant Antwon Jordan, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations.  40 C.F.R. §391 – Subpart E; and

k.   Defendant Risinger had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Defendant Antwon Jordan on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash. 40 C.F.R. §396.3.

53.   That Defendant Risinger had a duty to comply with the Federal Motor Carrier Safety Regulations including the specific aforementioned regulations.

54.     That it is customary standard in the motor carrier industry to have in place an adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

55.     That, at all times prior to the aforementioned collision, Defendant Risinger failed to have in place an adequate safety program.

56.     As a result of its inadequate and/or inexistent safety program, Defendant Risinger violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiffs.

57.     As a result of its inadequate and/or inexistent safety program, Defendant Risinger allowed its drivers, including Defendant Antwon Jordan, to violate numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiffs.

58.     That Defendant Risinger's violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiffs.

59.     Defendant Risinger was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

60.     Defendant Risinger was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant Antwon Jordan, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

61.     As a direct and proximate result of the independent negligence of Defendant Risinger, Plaintiffs were injured and sustained damages and will continue to be damaged in the

manners previously described in this Petition.

62.     Defendant Risinger knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Plaintiffs.

63.     The conduct of Defendant Risinger as described herein, specifically including violations of Illinois state law and the various Federal Motor Carrier Safety Regulations was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiffs to Aggravated (punitive) Damages.

64.     Because of Defendant Risinger's willful, wanton, and reckless behavior, and for its indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant Risinger and to deter others from similar conduct.

65.     Defendant Risinger's reckless and intentional behavior, and their complete indifference and conscious disregard for the safety of the motoring public, directly and proximately caused the wreck and the resulting injuries to Plaintiffs described herein.

**WHEREFORE** Plaintiffs each and individually pray for judgment against Defendant Risinger in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT V

## DIRECT NEGLIGENCE AGAINST DEFENDANT RISINGER BASED UPON NEGLIGENT HIRING/RETENTION

**COME NOW** Plaintiffs and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated herein and further states:

66.     At all times prior to the aforementioned collision, Defendant Risinger had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

67.     Such duties include, but are not limited to:

a)      To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b)      To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

c)      To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

d)      To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

e)      To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

f)      Ensure that its driver was physically qualified to operate a tractor-trailer and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

g)      Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely.  49 C.F.R. §391.41(b)(6).

68.      Defendant Risinger had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes, so as to protect the general public, including the Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

69.      Defendant Antwon Jordan was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical medical condition.

70.      That because of Defendant Antwon Jordan's aforementioned inadequacies, Defendant Risinger should not have hired him to operate a commercial motor vehicle.

71.      That Defendant Risinger knew, or through the exercise of ordinary care should have known that Defendant Antwon Jordan was unqualified to safely operate a commercial motor vehicle.

72.      That by failing to properly and adequately screen and investigate its drivers, including Defendant Antwon Jordan, before and during employment, Defendant Risinger violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

73.      Had Defendant Risinger obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant Antwon Jordan was unqualified to safely operate a commercial motor vehicle.

74.      Defendant Antwon Jordan's negligent actions on the day of the collision with Plaintiffs was consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

75.      Defendant Risinger's actions and omissions in hiring Defendant Antwon Jordan,

including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Plaintiffs resulting from the aforementioned motor vehicle collision.

76.     Defendant Risinger's actions and omissions in hiring Defendant Antwon Jordan, including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

77.     Defendant Risinger's willful, wanton, and reckless behavior evidenced a complete indifference and conscious disregard for the safety of the motoring public and aggravated (punitive) damages are appropriate in this action in order to punish Defendant Risinger and to deter others from similar conduct.

**WHEREFORE** Plaintiffs each and individually pray for judgment against Defendant Risinger in a sum in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for his injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VI

## DIRECT NEGLIGENCE AGAINST DEFENDANT RISINGER BASED UPON NEGLIGENT TRAINING

**COME NOW** Plaintiffs and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated herein and further states:

78.     Defendant Risinger owed the general public, including Plaintiffs, a duty to properly train its drivers, including Defendant Antwon Jordan, on the safe operation of a tractor-trailer.

79.     Defendant Risinger failed to properly instruct Defendant Antwon Jordan on the safe operation of a tractor-trailer.

80.     Defendant Risinger owed the general public, including Plaintiffs, a duty to properly train its drivers, including Defendant Antwon Jordan, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

81.     At all times prior to the aforementioned collision, Defendant Risinger had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

82.     Such duties include, but are not limited to:

        a)      To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §380.109 and 49 C.F.R. §380.509;

        b)      To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.  49 C.F.R. §380.503;

        c)      To ensure that its drivers have been properly trained and to show proof of that training with a training certificate. 49 C.F.R. §380.505;

83.     Defendant Risinger had a duty to properly instruct its drivers, including Defendant Antwon Jordan on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

84.     Defendant Risinger failed to properly instruct Defendant Antwon Jordan on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

85.     Defendant Risinger owed the general public, including Plaintiffs, a duty to provide ongoing safety courses to its drivers, including Defendant Antwon Jordan.

86.     Defendant Risinger failed to provide adequate continuing safety courses to Defendant Antwon Jordan.

87.     Defendant Risinger had a duty to comply with all of the above and below listed duties, so as to protect the general public, including the Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

88.     Defendant Risinger breached its duty to the general public, including the Plaintiffs, by its failing to properly train Defendant Antwon Jordan, Defendant Risinger's tractor-trailer driver, who was unqualified, incompetent and should not have been permitted to operate a tractor-trailer.

89.     Based on Defendant Antwon Jordan's driving history, inadequate experience, and training, Defendant Risinger knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

90.     That Defendant Risinger was negligent in failing to properly train its drivers, including Defendant Antwon Jordan, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

91.     That Defendant Risinger was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal Motor Carrier Safety Regulations.

92.     That Defendant Antwon Jordan's aforementioned negligent actions and/or inactions were consistent with the fact that Defendant Risinger failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor

Carrier Safety Regulations.

93.     These actions and omissions of Defendant Risinger relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

94.     Defendant Risinger's willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

95.     Plaintiffs' injuries were directly and proximately caused by Defendant Risinger's breach of and failure to comply with its duty to properly train Defendant Antwon Jordan, its tractor-trailer driver.

**WHEREFORE** Plaintiffs each and individually pray for judgment against Defendant Risinger in a sum in excess of Twenty-Five Thousand Dollars ($25,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for his injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

<u>**COUNT VII**</u>
<u>**DIRECT NEGLIGENCE AGAINST DEFENDANT RISINGER BASED UPON**</u>
<u>**NEGLIGENT SUPERVISION**</u>

**COME NOW** Plaintiffs and incorporates and re-alleges each and every paragraph set forth above as if they were fully incorporated in this count and further states:

96.     Defendant Risinger owed the general public, including Plaintiffs, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge

an incompetent or unsafe driver before he/she injured the public or property.

97.     Defendant Risinger had a duty to not require or permit a driver, including

Defendant Antwon Jordan, to operate a commercial motor vehicle, while the driver's ability or

alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other

cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor

vehicle.  49 C.F.R. §392.3.

98.     Defendant Risinger had a duty to inquire into the motor vehicle record of its

drivers and give "great weight" to violations such as speeding or reckless driving.  49 C.F.R.

§391.25.

99.     Defendant Risinger had a duty to ensure that its drivers were continuously

physically qualified to safely operate a tractor-trailer. 49 C.F.R. §391.41, 391.43.

100.    Defendant Risinger had a duty to maintain a driver qualification file for each

driver it employs.  49 C.F.R. §391.51

101.    Defendant Risinger had a duty to maintain a driver investigation history file for

each driver it employs.  49 C.F.R. §391.53.

102.    Defendant Risinger had a duty to not allow or permit its on-duty drivers to be

possession of drugs as listed in 49 C.F.R. §392.4(a).

103.    Defendant RISINGER  had a duty to not schedule a run, nor permit, nor require

the operation of any commercial motor vehicle between points in such a period of time as

would necessitate the commercial vehicle being operated at speeds greater than those

prescribed by law.  49 C.F.R. §392.6.

104.    Defendant Risinger had a duty to comply with all of the above and below listed

duties, Rules, Regulations and codes, so as to protect the general public, including the

Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

105.    Defendant Risinger breached its above listing duties to the general public,

including the Plaintiffs, by its failing to properly supervise Defendant Antwon Jordan, Defendant Risinger's tractor-trailer driver, who was unqualified, incompetent and should have been discharged prior to this crash.

106.    Based on Defendant Antwon Jordan's driving history, lack of supervision and continued retention by his employer, Defendant Risinger knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

107.    These actions and omissions of Defendant Risinger relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

108.    Defendant Risinger's willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

109.    Plaintiffs' injuries were directly and proximately caused by Defendant Risinger's breach of and failure to comply with its duty to properly train Defendant Antwon Jordan, its tractor-trailer driver.

**WHEREFORE** Plaintiffs each and individually pray for judgment against Defendant Risinger in a sum in excess of Twenty-Five Thousand Dollars ($25,000) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, plus aggravated (punitive) damages, and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**SCHULTZ & MYERS, LLC**

/s/ Joshua P. Myers

_____
Joshua P. Myers, MO #56541
999 Executive Parkway Drive
Suite 205
St. Louis, Missouri 63141
Telephone:  314-744-8900
Facsimile:  314-720-0744
E-mail: josh@schultzmyers.com